# IN THE COURT OF APPEALS OF IOWA

No. 18-1299
Filed December 18, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LYNNE ANN GILLEN,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Polk County, Heather L. Lauber, Judge.

        Lynne Gillen appeals the restitution ordered following her guilty plea to operating a motor vehicle while intoxicated, first offense.  **SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

        Ronald W. Kepford of Kepford Law Firm, Winterset, for appellant.

        Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

        Considered by Vaitheswaran, P.J., and Potterfield and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Lynne Ann Gillen pled guilty to operating a motor vehicle while intoxicated, first offense. At the sentencing hearing, the district court stated:

> You will . . . be required to pay back any restitution that might be owing in that case. I do not have a specific amount available at this time. But if the State would ask for a supplemental restitution order, that would be entered. You would be provided with a copy, and you would be able to request a hearing if you do dispute the amount of restitution that is ordered.

The court granted Gillen's request to not impose an attorney-fee restitution obligation but stated, "I do find that you would have the reasonable ability to repay any victim restitution that is owing in this case." The court imposed a one-year jail sentence, suspended all but sixty-five days of the term, and among other things, ordered Gillen "to immediately pay any and all restitution, fines, surcharges, and court costs."

On appeal, Gillen argues "the district court erred in ordering [her] to pay restitution at [the] time of sentencing." She cites *State v. Albright*, 925 N.W.2d 144, 159 (Iowa 2019).

In *Albright*, the court stated "[a] plan of restitution is not complete until the court issues the final restitution order." 925 N.W.2d at 160. The court continued, "Once the court has all the items of restitution before it, then and only then shall the court make an assessment as to the offender's reasonable ability to pay." *Id.* at 162. The court "vacate[d] the restitution part of the sentencing order and remand[ed] the case to the district court to order restitution in a manner consistent with this opinion." *Id.* at 162–63.

Applying *Albright*, we vacate the restitution part of the sentencing order and remand the case to the district court.

**SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**